Appeal No. 21-35334

UNITED STATES COURT OF APPEALS

NINTH CIRCUIT

---

**SUSAN CLARK**,
*Plaintiff-Appellants,*

v.

**EDDIE BAUER LLC; EDDIE BAUER PARENT, LLC**,
*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Western District of Washington
No. 2:20-cv-01106-JCC
The Honorable John C. Coughenour, District Judge, Presiding

---

**APPELLEES' PETITION FOR REHEARING EN BANC**

---

STEPHANIE A. SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:  628.600.2250
Facsimile:   628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com

*Attorneys for Defendants-Appellants*

# TABLE OF CONTENTS

RULE 35(B)(1) STATEMENT ............................................................1

ISSUES PRESENTED...................................................................2

STATEMENT OF THE CASE.........................................................2

ARGUMENT ................................................................................4

    I.    By endorsing a harm that was neither concrete nor imminent, the panel opinion contravenes U.S. Supreme Court precedent regarding the harm necessary to allege standing for prospective relief.......................................4

        A.    The panel opinion conflicts with *TransUnion v. Ramirez*'s holding that bad information, without more, is not a concrete harm that confers standing. ........................................................6

        B.    The panel's opinion conflicts with established precedent holding that the threat of a future concrete harm must be imminent.........................9

    II.    The panel opinion conflicts with Circuit precedent holding that claims for prospective equitable relief cannot proceed without establishing damages would be an inadequate remedy ................................................12

CONCLUSION ..........................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam–Mellang v. Apartment Search, Inc.*,
    96 F.3d 297 (8th Cir.1996) ................................................................16

*In re Apple Processor Litig.*,
    No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023).............................15

*Beacon Theatres, Inc. v. Westover*,
    359 U.S. 500, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959) ...................................12, 17

*Berni v. Barilla S.p.A.*,
    964 F.3d 141 (2d Cir. 2020) ..............................................................10

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ...................................................10, 12

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)..........................................................................9

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013).........................................................................5

*Clark v. Eddie Bauer LLC*,
    532 P.3d 880 (Or. 2023) ...................................................................2

*In re Coca-Cola Products Mktg. and Sales Practices Litig. (No. II)*,
    20-15742, 2021 WL 3878654 (9th Cir. Aug. 31, 2021)....................................11

*Conrad v. Boiron, Inc.*,
    869 F.3d 536 (7th Cir. 2018) ............................................................10

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ..............................................................8

*Franklin v. Gwinnett Cty. Pub. Sch.*,
    503 U.S. 60 (1992)........................................................................13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
    528 U.S. 167 (2000)........................................................................5

*Goldie's Bookstore, Inc. v. Superior Court*,
    739 F.2d 466 (9th Cir. 1984) ....................................................13

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales*
    *Practices & Liab. Litig.*,
    903 F.3d 278 (3d Cir. 2018) ......................................................10

*Joseph v. Carnes*,
    566 Fed. Appx. 530 (7th Cir. 2014).........................................16

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
    634 F.2d 1197 (9th Cir. 1980) ..................................................16

*Lanovaz v. Twinings N. Am., Inc.*,
    726 F. App'x 590 (9th Cir. 2018) .............................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...........................................................4, 6, 11

*McNair v. Synapse Group, Inc.*,
    672 F.3d 213 (3d Cir. 2012) ...................................................9, 10

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016) .....................................................10

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...................................................................14

*Philips v. Ford Motor Co.*,
    726 Fed. Appx. 608 (2018)........................................................15

*Rondeau v. Mosinee Paper Corp.*,
    422 U.S. 49 (1975).....................................................................14

*Schroeder v. United States*,
    569 F.3d 956 (9th Cir. 2009) ....................................................13

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...........................................................13, 14, 15, 16

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ...................................................................................................6

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) .................................................................................................11

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
    980 F.3d 879 (3d Cir. 2020) ..............................................................................10

*TransUnion, LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ...................................................................................4, 6, 7, 8

*Wilderness Soc., Inc. v. Rey*,
    622 F.3d 1251 (9th Cir. 2010) ...........................................................................11

*Younger v. Harris*,
    401 U.S. 37 (1971) ...................................................................................................12

**Statutes**

Oregon Unlawful Trade Practices Act 646 ......................................................1, 2, 3

**Other Authorities**

Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.) ..............................13

# RULE 35(B)(1) STATEMENT

En banc reconsideration of the split panel opinion is necessary to bring the majority opinion into conformity with Supreme Court precedent, to secure the uniformity of this Court's decisions, and to harmonize this Court's precedent with those of other Circuits. The majority opinion allowed Plaintiff's claim for injunctive relief under Oregon's Unlawful Trade Practices Act to proceed even though the named plaintiff was at no risk of any future deception. That decision conflicts with:

> (a) Supreme Court authority holding that informational injuries are not sufficiently concrete to confer Article III standing;
>
> (b) authority from other circuits holding that a bland, nonspecific interest in patronizing a store in the future cannot support the imminent threat of future harm necessary for an injunctive-relief plaintiff to have standing; and
>
> (c) authority from this Circuit and the Supreme Court holding that equitable relief is unavailable when a plaintiff has an adequate remedy at law.

Because the panel decision conflicts with binding precedent and precedent of the Court's sister circuits, it presents questions of exceptional importance. The Court should grant Appellees' petition and vacate the panel's opinion, thereby ensuring the consistency of this Court's precedent both internally and with that of other circuits.

## ISSUES PRESENTED

I.      To satisfy Article III's standing requirement, a plaintiff must allege an injury that is concrete. Is an alleged unwillingness to rely on advertisements, without more, a concrete harm sufficient to confer standing, particularly after *TransUnion v. Ramirez*?

II.      For prospective equitable relief, a plaintiff cannot establish Article III standing without establishing that a future injury is imminent. Does a nonspecific statement that the plaintiff would like to shop at the defendant's stores, without any specific plan to do so, satisfy the imminence requirement?

III.      Longstanding precedent from the Supreme Court and this Court holds that prospective equitable relief is not available when the plaintiff has an adequate remedy at law, like damages. May the plaintiff pursue a claim for an injunction when she has not alleged that she lacks an adequate remedy at law, but instead alleged the opposite?

## STATEMENT OF THE CASE

Clark visited an Eddie Bauer outlet store in 2017 and 2018, and made purchases on both visits. For each of her purchases, store signage advertised the garments as 50% off, and in each instance, Clark paid 50% of the price appearing on the price tag. She received exactly what she selected and paid exactly what she intended.

Nonetheless, she later sued, alleging that the alleged former prices appearing on the price tags did not reflect prices at which Eddie Bauer had previously offered the items for sale. Clark contended "that she would not have made any of the three purchases if she had known that the goods were not, in fact, being sold at a discount."

*Clark v. Eddie Bauer LLC*, 532 P.3d 880, 883 (Or. 2023).  She alleged that Eddie Bauer's advertising violated Oregon's Unlawful Trade Practices Act (UTPA).

The district court granted Eddie Bauer's motion to dismiss.  As to Clark's claims for damages, the court concluded that Clark had not alleged an ascertainable loss of money or property sufficient to trigger the UTPA's private right of action. As to Clark's claims for equitable relief, the court concluded that although Clark had Article III standing to seek injunctive relief, she could not pursue such relief, or restitution, because she did not allege that she lacks an adequate remedy at law.

Clark appealed, and this Court certified to the Oregon Supreme Court the question whether Clark had alleged an ascertainable loss under the UTPA.  After the Oregon Supreme Court answered in the affirmative, the divided panel issued its opinions.

Relevant here, in addition to remanding Clark's damages claim, the panel opinion addressed Clark's claims for equitable relief.  Regarding her claims for retrospective equitable relief (disgorgement and restitution), the panel affirmed the district court, reasoning that Clark's "complaint contains no allegations as to why she lacks an adequate remedy at law."  (Op. at 4.)

But the panel majority reached the opposite conclusion on Clark's claim for prospective equitable relief (an injunction).  First, the panel concluded that Clark

had alleged a sufficient injury to support standing because she alleged that she would shop at an Eddie Bauer outlet store again if she had confidence in its reference prices, but without an injunction, she would be "left to guess as to whether Eddie Bauer is providing a legitimate sale." (Op. at 5.) The Court did not hold that Clark was at risk of being deceived in the future. Next, the panel held that the fact that Eddie Bauer had changed its pricing practices did not alter its conclusion. And finally, the panel concluded that Clark's failure to plead that she lacked an adequate remedy at law did not preclude her from seeking equitable relief, because her prospective future injury (confusion over the "legitimacy" of Eddie Bauer's sales) differed from the financial injury upon which she based her retrospective claims.

Judge Bea dissented. He correctly concluded that under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), Clark failed to allege a concrete harm as required to establish standing.

## ARGUMENT

**I. By endorsing a harm that was neither concrete nor imminent, the panel opinion contravenes U.S. Supreme Court precedent regarding the harm necessary to allege standing for prospective relief.**

Standing is an indispensable aspect of Article III's case-or-controversy requirement. The familiar test for standing asks whether the plaintiff has alleged an injury that is: (a) concrete, particularized, and either actual or imminent; (b) fairly

traceable to the defendant's alleged conduct; and (c) redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff must establish standing independently for each claim and for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000). Additionally, when plaintiffs seek prospective relief, they must establish that they face an *imminent threat* of suffering the harm at issue—that is, that the "threatened injury [is] certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up). A mere chance of such a harm does not confer standing.

Thus, to allege standing for an injunction, the plaintiff must allege (a) an imminent threat of (b) a concrete harm. One or the other will not suffice. For instance, a plaintiff fearing injury from a handgun lacks standing to pursue an injunction prohibiting a firearm manufacturer from increasing production. While the feared harm (bodily injury) is concrete, the threat is not imminent. Relatedly, a person irrationally afraid of people with covered faces lacks standing to sue for an injunction prohibiting his colleagues from wearing masks to a Halloween party. While the threat is imminent, the harm (fear) is not concrete.

As explained below, the panel opinion departs from binding precedent addressing both requirements, by concluding that Clark established standing despite alleging a harm that is neither concrete nor imminent.

### A. The panel opinion conflicts with *TransUnion v. Ramirez*'s holding that bad information, without more, is not a concrete harm that confers standing.

To be "concrete," the harm at issue must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (cleaned up). The relevant guidepost is whether the alleged harm bears a close relationship to a harm traditionally recognized at common law, *id.* at 341, like lost money, bodily harm, or reputational injury, *see TransUnion*, 141 S. Ct. at 2204. The plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation," so at the pleading stage, a plaintiff must allege facts that, taken as true, establish a concrete harm. *Lujan*, 504 U.S. at 561.

In *TransUnion*, the Supreme Court held that inaccurate information, without more, does not create an injury-in-fact that confers standing. The case concerned a certified class of people whose credit files suggested that they may be on a watchlist for terrorists and drug traffickers by noting that their first and last names matched names appearing on a government-maintained list. For 1853 of them, TransUnion had provided that information to third parties; for the remaining 6332, TransUnion

had not.  The Court concluded that the latter category lacked standing, even though it was undisputed that TransUnion maintained inaccurate information about them, because "[t]he mere presence of an inaccuracy in an internal credit file . . . causes no concrete harm."  *Id.* at 2210.

So it is here.  Clark asserts that Eddie Bauer's reference prices and advertised sales are illusory, and that she would not have made the purchases at issue if she had been armed with the information she has now. *Clark v. Eddie Bauer LLC*, 532 P.3d 880, 891 (Or. 2023)  In support of her plea for injunctive relief, Clark does not complain that she will receive inaccurate information, or that she might actually be deceived in the future despite mistrusting Eddie Bauer's pricing. Instead, she asserts that she "will be harmed if, in the future, she is left to guess" whether Eddie Bauer's advertised sales are "legitimate."  (Op. at 5.)  Thus, while the indisputably inaccurate information in *TransUnion* did not amount to a concrete harm, Clark contends—and the panel majority concluded—that mere confusion from receiving information that a consumer distrusts qualifies as a concrete harm.

That conclusion cannot be reconciled with *TransUnion*.  If maintaining inaccurate information in a credit file is not a concrete injury, then uncertainty and confusion certainly are not, either.  Instead, more is needed for that asserted harm to become sufficiently concrete to confer standing.  True, *TransUnion* addressed a

damages claim, while injunctive relief is at issue here. But that cannot alter the analysis. The question here is whether the asserted injury—reluctance to rely on a price tag or advertisement that one already actively distrusts—is the type of concrete harm that confers standing. It is not.

Considering the proffered harm in the context of a claim for retrospective relief shows as much. Nobody would seriously contend that confusion or uncertainty, without more, confers standing to pursue damages. Imagine a consumer who enters a store is confused about the "legitimacy" of a sale advertised on in-store signage and leaves after buying nothing. That consumer would lack standing to sue for damages, as she has suffered no concrete harm. If the asserted harm of confusion and uncertainty cannot support a claim for damages, it cannot support a claim for injunctive relief, either.

The panel relied on *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), to reach a contrary conclusion, but to the extent *Davidson* suggests that being unwilling to rely on marketing constitutes a concrete injury, it is no longer good law. *Davidson* predated *TransUnion*. Judge Bea explained in dissent that *TransUnion* displaced *Davidson*, and that Clark has not established standing because no "close historical or common-law analogue" exists for the asserted injury of being unable to rely on marketing materials. (Dissent at 2–4.) He is correct. *Davidson* cannot be

reconciled with *TransUnion*. (*Id*. at 1.) Indeed, even the panel majority acknowledged that *Davidson* has "been called into question by" *TransUnion*— although, as shown above, that construction understates the case. (Op. at 5.)

### B. The panel's opinion conflicts with established precedent holding that the threat of a future concrete harm must be imminent.

Not only does the panel opinion conflict with binding authority regarding whether Clark's alleged future injury is a *concrete* harm, it also conflicts with precedent requiring an imminent threat of future harm.

Courts have long recognized that when standing is based on the threat of a repeated injury, the plaintiff must establish "a sufficient likelihood that he will again be wronged in a similar way." *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983) . Other circuits hold that consumers pursuing claims for past deception, like Clark, cannot do so because they are not at risk of being deceived again in the future. Thus, they cannot establish an immediate threat of injury. *See Lyons*, 461 U.S. at 111-12 (holding that standing to pursue injunctive relief requires an immediate threat of future harm).

The Third Circuit's opinion in *McNair v. Synapse Group, Inc.* is instructive. There, a putative class of magazine subscribers attacked the defendant's automatic-renewal procedures as deceptive. 672 F.3d 213, 221 (3d Cir. 2012). They sought injunctive relief, contending that the defendant's sheer size and enticing deals made

it likely that the subscribers would one day be fooled into purchasing another auto-renewing subscription. *Id.* The court held that the subscribers lacked standing to pursue injunctive relief, because they were not at risk of a certainly impending injury. *Id.* at 225–26. Instead, armed with the knowledge of the defendant's renewal practices, repeated deception was unlikely, not impending. *See also In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 293 (3d Cir. 2018); *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020).

Precedent from the Second and Seventh Circuits is in accord. *See Berni v. Barilla S.P.A.*, 964 F.3d 141, 148-89 (2d Cir. 2020) (plaintiffs were not at risk of being deceived by "slack fill" packaging in the future); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (plaintiff's awareness of deceptive sales practices negated any threatened harm by the practices in the future; speculative claims of potential harm cannot support standing for injunctive relief); *and see Conrad v. Boiron, Inc.*, 869 F.3d 536 (7th Cir. 2017) (knowingly re-purchasing a product the features of which the defendant misrepresented defeats the purpose of injunctive relief).

The panel majority flouted this line of authority from sister circuits by concluding that Clark has standing to pursue injunctive relief. That decision cannot be squared with *McNair*, *Berni*, or *Camasta*.

Clark faces no immediate threat of suffering a similar recurring harm for an additional reason: Eddie Bauer has changed its pricing practices. So any "confusion" or lack of "confidence regarding . . . Eddie Bauer's prices" cannot result from the conduct alleged in her complaint. Cf. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (no imminence where, *inter alia*, the defendant had stopped selling the product at issue).

Perhaps recognizing that the harm alleged in Clark's complaint (deception) cannot recur and thus is not imminent, the panel majority focused on another alleged harm: being "left to guess" at the legitimacy of Eddie Bauer's sales. But that asserted harm cannot support standing either. Not only is it not concrete for the reasons discussed above—there is also no imminent threat of that harm. Clark offered no facts suggesting that she is under imminent threat of confusion. (To the contrary, she alleges that she would not have made her purchase if she had known the meaning of Eddie Bauer's pricing, which she now allegedly does.) Instead, she asserted only that she "would" shop at an Eddie Bauer outlet store "if she could have confidence" about its pricing practices. (Op. at 5.) The Supreme Court has long

recognized that a nonspecific intent to visit a place, patronize a retailer, or buy a product does not expose the plaintiff to an *imminent* threat of harm. *Lujan*, 504 U.S. at 564 (declarations of an intention to act without concrete plans regarding the action was not enough to demonstrate an actual or imminent injury); *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (same). So has this Court. *Wilderness Soc'y., Inc. v. Rey*, 622 F.3d 1251, 1256 (9th Cir. 2010); *In re Coca-Cola Prods. Mktg. & Sales Practices Litig. (No. II)*, 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. Appx 590, 591 (9th Cir. 2018). And so have other circuits. *E.g.*, *Camasta*, 761 F.3d at 741.

Thus, the panel majority's conclusion that Clark faces an imminent threat of harm contravenes precedent from the Supreme Court, this Court, and its sister circuits.

## II. The panel opinion conflicts with Circuit precedent holding that claims for prospective equitable relief cannot proceed when damages are available.

The panel opinion also contravenes binding precedent establishing prerequisites to seek prospective equitable relief—specifically an injunction.

"[I]n the federal courts equity has always acted only when legal remedies were inadequate." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509, 79 S. Ct. 948, 956, 3 L. Ed. 2d 988 (1959) (citing, *e.g.*, 36 Stat. 1163, derived from Act of Sept. 24, 1789, s 16, 1 Stat. 82; *Phoenix Mut. Life Ins. Co. v. Bailey*, 80 U.S. 616, 619

(1871)); *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (discussing "the basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.)).  Although this doctrine originally grew out of the English judicial system, "its fundamental purpose of restraining equity jurisdiction within narrow limits is equally important under our Constitution."  *Younger*, 401 U.S. at 44.  Thus, when "remedies are equitable in nature . . . it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief."  *Franklin v. Gwinnett Cty. Pub. Sch*., 503 U.S. 60, 75–76 (1992); *see also* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2944 (3d ed.) ("if the legal remedy would be as effective as an injunction in providing the claimant with relief, there is no need for the court to invoke its equity jurisdiction.")

Unsurprisingly, binding authority from this Court follows the Supreme Court's precedent.  *E.g.*, *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) (declining to grant quiet title remedy, pursuant to the "basic doctrine of equity jurisprudence that courts of equity should not act … when the moving party has an adequate remedy at law.") (ellipsis in original) (quoting *Mort v. United States,* 86 F.3d 890, 892 (9th Cir. 1996)); *Goldie's Bookstore, Inc. v. Superior Court of California*, 739 F.2d 466, 471 (9th Cir. 1984) (reversing decision granting

preliminary injunction, because "mere financial injury … will not constitute irreparable harm.").

In *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020), this Court considered whether the adequate-remedy principle could be limited by state law (and specifically, the UCL, which provides for only equitable relief). There, the plaintiff initially brought claims for both equitable restitution and damages under California unfair-trade-practices statutes, but later strategically dismissed her damages claim to avoid a jury trial. *Id.* at 837–38. The Court rejected that gambit, because the "Supreme Court has instructed that a federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law." *Id.* at 840 (citing *York*, 326 U.S. at 104–07). As a result, the Court applied the "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies." *Id.* at 844. *See also id.* at 842 (applying the "principle precluding courts from awarding equitable relief when an adequate legal remedy exists."); *id.* at 841 n.3 (for claims for equitable relief to proceed in federal court, "a plain, adequate and complete remedy at law must be wanting.") (quoting *Guar. Tr. Co. v. York*, 326 U.S. 99, 105–06 (1945)). The *Sonner* Court further noted that its decision "mirrors those of several other circuits." *Id.* at 843 (citing cases).

Although *Sonner* addressed retrospective equitable relief instead of prospective equitable relief like an injunction, the principle applies with equal force here. Indeed, the Supreme Court has applied the same adequate-remedy principle to affirm the dismissal of injunctive relief claims. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (holding that a complaint seeking injunctive relief failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law"); *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 60, 95 S. Ct. 2069, 2077, 45 L. Ed. 2d 12 (1975) (shareholder not entitled to injunctive relief where damages provided an adequate remedy). Both before and after *Sonner*, this Court has applied the adequate-remedy principle in unpublished dispositions to affirm the dismissal of equitable-relief claims because the plaintiffs failed "to plead the inadequacy of their legal remedies to state a claim for injunctive relief." *Philips v. Ford Motor Co.*, 726 Fed. Appx. 608, 609 (9th Cir. 2018); *see also In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (same).

The panel opinion broke that chain of adhering to *Sonner* and to the Supreme Court precedent underpinning it. True, the panel *did* hold that Clark's claim for retrospective equitable relief was barred because Clark failed to plausibly allege that

she lacked an adequate remedy at law. Yet the panel inexplicably refused to apply the same reasoning to Clark's claim for prospective equitable relief.

The panel's proffered justification for departing from *Sonner* in no way justifies contravening Circuit or Supreme Court precedent. According to the panel, the injunction that Clark seeks differs from damages because it does not seek "the same amount of money for the exact same harm" that Clark had suffered in the past. (Op. at 7 (citing *Sonner*, 971 F.3d at 844).) This is a clear reference to the specific facts of *Sonner*, where the plaintiff "concede[d] that she [sought] the same sum in equitable restitution … as she requested in damages to compensate her for the same past harm." *Sonner*, 971 F.3d at 844. However, *Sonner*'s application of the longstanding adequate-remedy principle to the facts of that case in no way *limits* the principle to the facts of that case.

Just as Clark had an adequate remedy at law for her past injuries—damages— anyone who may suffer that harm in the future—Clark included—would similarly have an adequate remedy at law: money damages. *Joseph v. Carnes*, 566 Fed. Appx. 530, 534–35 (7th Cir. 2014) ("[P]laintiffs do not explain why monetary damages could not adequately remedy any future violations of the SCA by the defendants"); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197 (9th Cir. 1980) (9th Cir. 1980) (same); *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297,

300 (8th Cir.1996) (finding preliminary injunctive relief unavailable where a plaintiff had "an adequate remedy at law, namely, the damages and other relief to which she will be entitled if she prevails").

Clark may defend the panel's opinion by attempting to distinguish *Sonner*, but that attempt is doomed. True, *Sonner* addressed retrospective equitable relief (restitution) while this case addresses prospective equitable relief (an injunction). But that amounts to a distinction without a difference. The crux of *Sonner* is that the adequate-remedy principle—which is as old as our legal system itself—applies regardless of state law. *Sonner*, 971 F.3d at 840. And both in *Sonner* and here, the plaintiffs sought equitable relief when they had an adequate remedy at law.

## CONCLUSION

For each of the reasons outlined above, the Court should convene en banc. Doing so is necessary to bring the panel decision into conformity with precedent from the Supreme Court, this Court, and other circuits.

DATED: January 31, 2024          */s/ Stephanie A. Sheridan*
                                 STEPHANIE A. SHERIDAN (CA 135910)
                                 MEEGAN B. BROOKS (CA 298570)
                                 Benesch, Friedlander, Coplan & Aronoff LLP

                                 *Attorneys for Defendants-Appellants*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____21-35334_____

I am the attorney or self-represented party.

**This brief contains** _____3,862_____ **words**, including _____0_____

words manually counted in any visual images, and excluding the items exempted by

FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ]   complies with the word limit of Cir. R. 32-1.

[   ]   is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[   ]   is an **amicus brief** and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[   ]   is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[   ]   complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [   ] it is a joint brief submitted by separately represented parties.
    [   ] a party or parties are filing a single brief in response to multiple briefs.
    [   ] a party or parties are filing a single brief in response to a longer joint brief.

[   ]   complies with the length limit designated by court order dated _____.

[   ]   is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** ___s/Meegan Brooks_____   Date _____01/31/2024_____
(use "s/[typed name]" to sign electronically filed documents)

18

## CERTIFICATE OF SERVICE

The foregoing Appellees' Petition for Rehearing En Banc has been served upon all counsel of record this 31st day of January, 2024 through the Court's electronic filing system.

/s/ Meegan Brooks
One of the Attorneys for Defendants-
Appellants
